```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      |
RACHELE CHAFIR,                       |
                                      |
            Plaintiff,                |
                                      |
    -against-                         |
                                      |
MARIAH CAREY, JERMAINE DUPRI, EMI     |    06 Civ. 3016 (KMW)
    APRIL MUSIC, INC., SHANIAH        |
    CYMONE MUSIC, NAKED UNDER MY      |    OPINION AND ORDER
    CLOTHES, RYE SONGS, SEAL MUSIC    |
    BMG SONGS, SLACK A.D. MUSIC,      |
    MANUEL LONNIE SEAL, JOHNATA M.    |
    AUSTIN, ISAAC FREEMAN III, and    |
    UMG RECORDINGS, INC. d/b/a        |
    ISLAND DEF JAM MUSIC GROUP,       |
                                      |
            Defendants.               |
                                      |
--------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Plaintiff Rachele Chafir brings this action against Defendants Mariah Carey, Jermaine Dupri, EMI April Music, Inc., Shaniah Cymone Music, Naked Under My Clothes, Rye Songs, Seal Music BMG Songs, Slack A.D. Music, Manuel Lonnie Seal, Johnata M. Austin, Isaac Freeman III and UMG Recordings, Inc. d/b/a Island Def Jam Music Group (collectively, "Defendants") for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-803. Plaintiff alleges that Defendants' 2005 song "It's Like That" unlawfully infringes upon her 2004 song "Sexy." Defendants have moved for summary judgment, arguing that Plaintiff has failed to establish a case of copyright infringement. For the reasons

1

stated below, Defendants' motion is granted.

## BACKGROUND

Plaintiff is an aspiring singer-songwriter who, in the fall of 2003, created the lyrics and vocal melody for the song "Sexy" ("Plaintiff's Song"). (Defs.' Local Rule 56.1 Statement ¶¶ 1-2.) Plaintiff subsequently recorded her song in a studio located in her New York City apartment sometime between March and June 2004. (Defs.' Statement ¶ 3.) Plaintiff registered her song with the United States Copyright Office on September 1, 2004. (Compl. ¶ 22-24.)

Defendants are various persons and entities engaged in the business of composing, recording, producing and publishing musical compositions. (Compl. ¶¶ 8-20.) On the evening of November 21, 2004, Defendants Mariah Carey, Jermaine Dupri, Manuel Seal and Johnata Austin (collectively, the "Individual Defendants") met to compose and record the song "It's Like That" ("Defendants' Song") at SouthSide Studios in Atlanta, GA. (Defs.' Statement ¶ 18.) By the morning of November 22, 2004, Defendants' Song had been fully recorded, except for Defendant Carey's vocals. (Defs.' Statement ¶ 25.) Defendants' Song was subsequently included as a track on Defendant Carey's album "The Emancipation of Mimi," which was commercially released in April 2005. (Defs.' Statement ¶ 26.)

2

Plaintiff asserts that Defendants heard, or were otherwise aware of, Plaintiff's Song prior to November 2004, and subsequently copied portions of Plaintiff's Song to create Defendants' Song. (Compl. ¶¶ 21-34.) Defendants uniformly assert that they had not heard and were not otherwise aware of Plaintiff's Song prior to the creation of Defendants' Song. (Defs.' Statement ¶¶ 8-12.) The Individual Defendants describe the creation of Defendants' Song as a "collaborative effort" among Defendants Carey, Dupri and Austin, and deny any connection between Defendants' Song and Plaintiff's Song. (Defs.' Statement ¶ 24.)

**DISCUSSION**

I.  **SUMMARY JUDGMENT STANDARD**

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007); Citizens Bank v. Hunt, 927 F.2d 707, 710 (2d Cir. 1991). A genuine issue of material fact exists if there is sufficient evidence to allow a "reasonable jury" to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).

The burden of demonstrating the absence of any genuine issue of material fact rests with the moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970); <u>Grady v. Affiliated Cent., Inc.</u>, 130 F.3d 553, 559 (2d Cir. 1997). Once this initial burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); <u>Cifarelli v. Village of Babylon</u>, 93 F.3d 47, 51 (2d Cir. 1996). The Court must view the evidence presented "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." <u>Am. Cas. Co. v. Nordic Leasing, Inc.</u>, 42 F.3d 725, 728 (2d Cir. 1994) (internal quotations omitted). Evidence based on speculation or conjecture, however, is insufficient to defeat summary judgment. <u>Scotto v. Almenas</u>, 143 F.3d 105, 114 (2d Cir. 1998).

**II.  COPYRIGHT INFRINGEMENT**

To succeed on this motion for summary judgment, Defendants must demonstrate the absence of evidence supporting the elements of Plaintiff's copyright infringement claim. <u>Repp v. Webber</u>, 132 F.3d 882, 890 (2d Cir. 1997). To establish a case of copyright infringement, Plaintiff must show (1) ownership of a valid copyright and (2) unauthorized copying of the copyrighted work. <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991); <u>Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.</u>, 150

4

F.3d 132, 137 (2d Cir. 1998). For the purposes of this motion, Defendants concede that Plaintiff has satisfied the first element. (Defs.' Mem. Supp. Summ. J. 12.)

In order to prove the second element - unauthorized copying - Plaintiff must show that (1) her work was "actually copied" and (2) the copying amounts to an "improper or unlawful appropriation." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003) (internal quotations omitted). Actual copying can be proven by demonstrating that (1) Defendants had "access" to Plaintiff's Song, and (2) the two works have similarities that are "probative of copying." Id. Alternatively, where two works are "so strikingly similar as to preclude the possibility of independent creation," no showing of access is necessary to demonstrate actual copying. Repp, 132 F.3d at 889.

Defendants argue that they are entitled to summary judgment because Plaintiff has failed to offer evidence showing (1) that Defendants had access to Plaintiff's Song, or (2) that the two songs are strikingly similar. In response, Plaintiff argues that genuine issues of material fact exist for trial because (1) there is circumstantial evidence of access, and (2) Plaintiff's expert concluded that the two works are in fact strikingly similar. Reviewing the evidence presented in the light most favorable to Plaintiff, the Court finds that no genuine issues of material fact exist for trial, and that Defendants are entitled to summary

judgment.

**A.   Access**

Plaintiff has failed to prove that Defendants had access to Plaintiff's Song.  To prove access, Plaintiff must demonstrate a "reasonable possibility" that Defendants had an "opportunity to view or copy" Plaintiff's Song.  See <u>Tisi v. Patrick</u>, 97 F. Supp. 2d 539, 547 (S.D.N.Y. 2000) (internal quotations and citations omitted).  Proof of access must be based on "significant, affirmative and probative evidence"; inferences based on mere "speculation or conjecture" are insufficient.  <u>Jorgensen</u>, 351 F.3d at 51 (internal quotations omitted).

Plaintiff concedes that she has no direct evidence that Defendants had access to Plaintiff's Song.  (Pl.'s Local Rule 56.1 Resp. ¶¶ 8-12.)  Rather, Plaintiff argues that access can be inferred from the following circumstantial evidence: (1) Plaintiff's Song was made available to the general public through the website "www.the-movement.net" ("Website") some time between August and September 2004, (2) Plaintiff distributed several copies of CDs containing Plaintiff's Song to various friends, acquaintances, patrons at certain dance clubs and attendees at a music industry-related seminar at the Learning Annex in New York City, (3) none of the Individual Defendants could remember how or by whom the allegedly infringing portion of Defendants' Song was created and (4) a forensic examination of Defendants' computers

reported over a thousand hits for the word "sexy." (Pl.'s Resp. ¶¶ 8-12; Chafir Dep. 141-142, Nov. 21, 2006.)

Plaintiff's proffered evidence fails to establish a reasonable possibility that Defendants had access to Plaintiff's Song. First, the fact that Plaintiff's Song was available on a publicly accessibly website does not prove access, because there is no evidence that Defendants actually visited the website on which Plaintiff's Song was posted.[1] See Nicholls v. Tufenkian Import/Export Ventures, Inc., 367 F. Supp. 2d 514, 521-22 (S.D.N.Y. 2005) (finding that availability of a copyrighted work on website does not constitute access, where alleged infringer has not been shown to have visited the website); cf. Palmieri v. Estefan, 35 U.S.P.Q.2D 1382, 1382 (S.D.N.Y. 1995) (finding evidence of multiple radio airings of a copyrighted song insufficient to establish access, where plaintiff proffered no evidence that defendants listened to the airings).[2]

---

[1] Plaintiff infers that Defendants visited the Website based on the fact that (1) the Website received record-high traffic (193 visits from 81 unique visitors) in November 2004, the month when Defendants' Song was recorded, and (2) the URL of the Website is similar to the name of an album ("Harlem World: The Movement") on which Defendant Dupri produced one song. (Pl.'s Resp. ¶¶ 8-12.) Plaintiff has no evidence, however, that Defendants were among the 81 unique visitors to the Website in November 2004, or that Defendant Dupri accessed the Website to investigate the similarity between the "Harlem World" album title and the Website's URL. Plaintiff's inference is therefore unsustainable.

[2] Plaintiff's reliance on FTD, Inc. v. Originals Florist & Gifts, Inc., No. 00 C 4458, 2000 WL 1693980 (N.D. Ill. Nov. 9, 2000) to support her theory of access via the Website is misplaced. In FTD, the court found that defendant had access to plaintiff's copyrighted

Second, Plaintiff's minimal distribution of CDs containing her song to various persons in the music industry cannot properly raise an inference of access. Distribution of a copyrighted work does not prove access where there is no evidence that the alleged infringer actually received the copyrighted material. See Dimmie v. Carey, 88 F. Supp. 2d 142, 146 (S.D.N.Y. 2000) (rejecting distribution of copyrighted song as evidence of access, where no showing that the alleged infringers ever received a copy of the song). Here, Plaintiff provides no evidence that Defendants ever received a copy of the CDs containing Plaintiff's Song. Thus, Plaintiff's distribution of these CDs does not create an inference of access.

Third, Plaintiff cannot infer access from the fact that the Individual Defendants cannot recall who composed the alleged infringing portion of Defendants' Song. Plaintiff suggests that this collective "memory loss" creates an "inference that [the Individual Defendants] have something to hide." (Pl.'s Opp. Summ. J. 23-24.) There is absolutely no evidence on record, however, apart from Plaintiff's speculation, supporting such an inference.

Fourth, the fact that the forensic search results of

---

work not only through a publicly accessible website, but also because defendant was a former licensee of plaintiff. FTD, 2000 WL 1693980, at *3. In this case, no such licensor/licensee relationship between the parties has been alleged.

Defendants' computers revealed multiple hits for the word "sexy" does not amount to evidence of access. Because Plaintiff provides no evidence that those hits were at all related to Plaintiff's Song, the Court cannot infer access from the multiple hits for the word "sexy" on Defendants' computers.

Plaintiff's circumstantial evidence of access is therefore insufficient to prove that Defendants ever had access to Plaintiff's Song. Even viewing the evidence as a whole, Plaintiff's theory of access amounts to nothing more than speculation and conjecture.

**2.   Striking Similarity**

Without proof of access, Plaintiff must show that the two songs are "strikingly similar" in order to demonstrate actual copying, and thereby, survive summary judgment. Repp, 132 F.3d at 889. Plaintiff has failed to make this showing.

Two works are strikingly similar when they are "so nearly alike that the only reasonable explanation for such a great degree of similarity is that the later . . . was copied from the first." Cox v. Abrams, No. 93 Civ. 6899, 1997 WL 251532, at *5 (S.D.N.Y. May 14, 1997) (internal quotations omitted). The striking similarly test is applied with "particular stringency" in cases involving popular music, because the "limited number of notes and chords" utilized in this musical genre often result in "common themes" that reappear in otherwise distinct compositions.

See Tisi, 97 F. Supp. 2d at 548 (quoting Gaste v. Kaiserman, 863 F.2d 1061, 1068 (2d Cir. 1988)).

As evidence of striking similarity, Plaintiff offers the testimony of expert musicologist Thomas Z. Shepard. Shepard performed a comparative musical analysis of Plaintiff's Song and Defendants' Song, and concluded that the two songs are "strikingly similar." (Shepard Expert Report 9.) Although Shepard described the two songs as "strikingly similar," his expert testimony is insufficient to prove "striking similarity" as a matter of law.[3] See Jorgenson v. Careers BMG Music Publ'g, 01 Civ. 0357, 2002 WL 1492123, at *5 (S.D.N.Y. Jul. 11, 2002) (finding that merely reciting the "magic words" of "striking similarity" does not create an issue of fact sufficient to defeat summary judgment).

To show striking similarity, Plaintiff must demonstrate that the similarity between the two works is such "as to preclude the possibility of independent creation."[4] Repp, 132 F.3d at 889

---

[3] Defendants have moved to disqualify Shepard's testimony pursuant to Federal Rule of Evidence 702. (Defs.' Mem. Supp. Summ. J. 16-18.) Because the Court finds summary judgment warranted even if Shepard's testimony were admissible, it declines to consider Defendants' motion for disqualification.

[4] Plaintiff argues, citing Gaste, 863 F.2d at 1067-68, that the standard for striking similarity does not require the possibility of independent creation to be completely precluded. (Pl.'s Opp. Summ. J. 20.) Rather, Plaintiff contends that the standard requires her to prove only that the possibility of independent creation is "exceedingly remote" as to be "almost impossible." (Pl.'s Opp. 20.) Plaintiff's "almost impossible" formulation is an incorrect articulation of governing case law. Courts in this Circuit have

(quoting Lipton v. Nature Co., 71 F.3d 464, 471 (2d Cir. 1995)). In explaining his finding of striking similarity, Shepard testified that it is "beyond coincidence that these songs resemble one another" (Shepard Dep. 66:19-24, Nov. 22, 2006), and that it is "highly improbable that defendants independently created" Defendants' Song (Shepard Report 9). These comments do not rule out the possibility of independent creation, and therefore, do not provide the level of proof necessary to establish "striking similarity."[5] Vargas v. Transeau, No. 04

---

uniformly framed the standard of striking similarity in terms of precluding the possibility of independent creation. See Jorgenson, 351 F.3d at 56 ("We have held that where the works in question are 'so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access.'") (quoting Lipton v. Nature Co., 71 F.3d 464, 471 (2d Cir. 1995)). Gaste, itself, held that a "plaintiff has not proved striking similarity . . . if the evidence as a whole does not preclude any reasonable possibility of independent creation." Gaste, 863 F.2d at 1068 (emphasis added); see also Siskind v. Newton-John, No. 84 Civ. 2634, 1987 WL 11701, at *4 (S.D.N.Y. May 22, 1987) (finding striking similarity exists where the possibility of independent creation is "as a practical matter" precluded). Formulating the standard in terms of "preclusion" serves to emphasize that the "threshold required to establish striking similarity is 'stringent.'" Vargas v. Transeau, No. 04 Civ. 9772, 2007 WL 1346618, at *5 (S.D.N.Y. May 9, 2007). Plaintiff's "almost impossible" formulation runs afoul of this settled precedent by impermissibly lowering that "stringent" standard.

[5] In support of its opposition to summary judgment, Plaintiff submits an additional declaration by Shepard, which finds it "practically impossible" that Defendants' Song was independently created. (Shepard Decl. ¶ 25.) This newly submitted testimony differs materially from Shepard's previously submitted testimony, and therefore need not be credited by the Court on summary judgment. See Jorgenson, 351 F.3d at 56 n.9 (rejecting plaintiffs expert's statement that two songs are "strikingly similar" when the expert had previously claimed that defendant's song was only a "subtle infringement"); Vargas, 2007 WL 1346618, at *5 (declining to consider expert testimony that "waffled about the level of similarity" of the two works at issue); cf. Hayes v. N.Y. City Dep't of Corrections, 84 F.3d 614, 619 (2d Cir. 1996) ("[F]actual issues created solely by an affidavit

Civ. 9772, 2007 WL 1346618, at *5 (S.D.N.Y. May 9, 2007) (finding expert testimony that could not "completely rule out the possibility" of independent creation to be insufficient to prove striking similarity); Dimmie, 88 F. Supp. 2d at 150 (rejecting expert testimony concluding that independent creation was "unlikely").

Moreover, the purported similarities between the two works are themselves insufficient to prove striking similarity as a matter of law. Shepard bases his finding of "striking similarity" on the following observations: (1) "the use of identical (or nearly identical) notes and sequences of notes, together with their corresponding rhythms," and (2) "the similar structure of the musical phrases that include the hooks in both songs."[6] (Shepard Report 9.) Specifically, Shepard found the two songs to be strikingly similar because of the similarities he observed between the "hook"[7] and "turnaround"[8] of each song,

---

crafted to oppose a summary judgment motion are not 'genuine' issues for trial.").

[6] Shepard had originally identified similarities in the lyrics of the two songs as additional bases for his finding of striking similarity. (Shepard Report 9.) At his deposition, however, Shepard disclaimed these purported lyrical similarities as bases for his opinion. (Shepard Dep. 151-152.)

[7] The "hook" refers to the primary musical phrase and forms the first three measures of each song, which is repeated intermittently throughout both songs. (Shepard Report 2, 3.)

[8] The "turnaround" refers to the closing musical phrase, which immediately follows the third repetition of the "hook." (Shepard Report 5.)

respectively.  (Shepard Report 3-5; Shepard Decl. ¶¶ 25, 34.)

The similarities between these musical elements cannot be proof of striking similarity, however, because they are "basic, non-protectible musical elements" common to other popular music compositions.  Tisi, 97 F. Supp. 2d at 548-49.  As Defendants' expert, Anthony Ricigliano, demonstrates, the musical elements comprising the hook and turnaround of both songs have appeared in numerous other compositions in the popular music genre.  (Ricigliano Expert Report ¶¶ 18-23; Ricigliano Decl. ¶¶ 13-20.)  Morever, Shepard concedes that these musical elements standing alone are "commonplace and unremarkable."[9]  (Shepard Decl. ¶ 50.)  Therefore, any alleged similarities between these musical elements, as used in Plaintiff's Song and Defendants' Song, respectively, cannot form the basis for a finding of striking similarity.  See McRae v. Smith, 968 F. Supp. 559, 566-67 (D. Colo. 1997) (rejecting expert opinion on striking similarity

---

[9] Plaintiff nonetheless contends that "even unoriginal elements, when combined, may constitute an original, copyrightable work." (Pl.'s Opp. Summ. J. 6.)  Defendants have shown, however, that similar combinations of these musical elements have been used before in at least three other popular music compositions.  (Ricigliano Decl. ¶¶ 21-24.)  Shepard contests the identified similarities in these other compositions by stating that "none of them sounds anything like [Plaintiff's Song] or [Defendants' Song]."  (Shepard Decl. ¶ 51.)  However, Shepard's conclusory statement, despite being based upon his personal aural examination, is insufficient to raise a genuine issue of fact as to striking similarity.  See Selle v. Gibb, 741 F.2d 896, 903 n.3 (7th Cir. 1984) (rejecting striking similarity finding based in part on an aural examination of the two popular music songs at issue, where defendants provided evidence of other popular music compositions containing similar musical elements).

based on otherwise common "chord progressions," "rhythm . . . and rhythmic feel," and "music shape of the melodic lines").

**CONCLUSION**

Having failed to offer sufficient evidence on the issue of access, and on the issue of "strikingly similarity," Plaintiff cannot establish a case of copyright infringement. Accordingly, the Court finds no genuine issues of material fact for trial, and GRANTS Defendants' motion for summary judgment (Dkt. No. 34). The Clerk of Court is directed to close this case; any pending motions are moot.

    SO ORDERED.

Dated:    New York, New York
          September 14, 2007

                                      Kimba M. Wood
                                      United States District Judge